UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TIM SLOAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-393 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Tim Sloan ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner did not file a memorandum in support of his Petition. Pursuant to the Court's Order (Court File No. 2), the United States filed a response to Petitioner's motion (Court File No. 3, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in his Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the following reasons.

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-90, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2003, Petitioner pleaded guilty pursuant to a written plea agreement to one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) (*see* Crim. Court File Nos. 35, 45). Petitioner stipulated to the following facts in the Plea Agreement:

> On or about January 11, 2003 in Bradley County, Tennessee, in the Eastern District of Tennessee, Debra Sloan entered a convenience store and stole a quantity of pseudoephedrine. The theft was recorded on the store's video camera. Pseudoephedrine is used to make methamphetamine. On January 27, 2003, officers went to Sloan's Bradley County home to ask about the theft. Debra Sloan came to the door and closed it behind her before the officers could see inside. The officers smelled a strong chemical odor. Debra Sloan said she had been buying "pills" for Aaron Lawson and she confirmed that Lawson had recently blown up a meth lab in Meigs County. She stated that she and her son (Stephen Heffentrager) bought pills for Lawson. She refused to consent to a search of her house. On February 20, 2003, officers returned to her home with an arrest warrant, and she consented in writing to a search. Officers found items commonly used to make methamphetamine, including HEET, muriatic acid, alcohol, Coleman fuel, hydrogen peroxide, iodine, methanol, lye, and red phosphorous. Officers also found a trash bag full of matches, empty pseudoephedrine blister packs, tubing, and various layered liquids. A person who lives in the same neighborhood as the Sloans would testify to being present when Jason Smith, Debra and Tim Sloan, and Stephen Heffentrager together made methamphetamine in the home. A cooperating coconspirator would testify to the same, that is, that Smith, the Sloans, and Heffentrager cooked methamphetamine together in the home as recently as February 19, 2003.

(Crim. Court File No. 46, Plea Agreement.)

The Presentence Investigation Report ("PSR") was prepared and provided to the parties. The probation officer determined Petitioner should be held responsible for 226.8 grams of methamphetamine mixture, resulting in a base offense level of 28 (PSR at ¶ 19). A six-level enhancement was applied pursuant to USSG § 2D1.1(b)(5)(C) for substantial risk of harm to a minor (PSR at ¶ 20). After a three-level downward adjustment for acceptance of responsibility, Petitioner's total offense level was 31 (PSR at ¶ 28). Based upon a total offense level of 31 and a

2

criminal history category of I, Petitioner's Guideline range for imprisonment was 108 to 135 months (PSR at ¶ 47).

Petitioner objected to the drug quantity and the enhancement for substantial risk of harm to a minor (PSR Addendum). The Court heard extensive testimony from several witnesses regarding drug quantity and the six-level enhancement during a three-day sentencing hearing. Following lengthy arguments by counsel, the Court reduced the drug quantity attributed to Petitioner, resulting in a base offense level of 26 (Crim. Court File No. 80, Sentencing Transcript at 197-98). The Court found Petitioner's offense level should be increased due to a substantial risk of harm to a minor (*Id*. at 255) and also found Petitioner's offense level should be increased two levels pursuant to USSG § 3B1.4 based upon evidence the defendants in this case used a minor in the commission of the crime (*Id*. at 257, 287). Petitioner's total offense level accordingly was 31 and his Guideline range was 108 to 135 months (*Id*. at 289).

On December 19, 2003, the Court sentenced Petitioner to a 122-month term of imprisonment (Crim. Court File No. 38) and the criminal judgment was entered on January 7, 2004 (Crim. Court File No. 69). Petitioner was represented by attorney Rita LaLumia at all stages of the proceedings. Petitioner did not appeal his conviction or sentence.

On December 20, 2005, Petitioner timely filed the present motion to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255. Petitioner now raises four claims attacking the judgment in his case (Court File No. 1 at 5-6). For the reasons stated below, these claims provide no basis to grant his Petition.

## II.     **STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

One of Petitioner's four claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy

the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient

performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

**III.    DISCUSSION**

Petitioner asserts four grounds upon which he argues the Court should vacate, set aside, or correct his sentence. Petitioner contends (1) he was denied effective assistance of counsel when his attorney failed to object to the sentencing enhancements on Sixth Amendment grounds, relying on the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 220 (2004); (2) his guilty plea was not entered knowingly and voluntarily; (3) he was "sentenced by arbitrary claims made by the Gov[ernment]"; and (4) he was "not informed what the U.S. Code meant in the alegation [sic] made by the government"(*see* Court File No. 1, p. 5-6).

6

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not appeal his conviction or sentence and only two of his claims contain any reference to alleged ineffective performance on the part of his attorney. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" or "actual innocence."

Nevertheless, the Court will proceed to address the merits of Petitioner's claims because Petitioner would not be entitled to relief on his claims even if they had not been procedurally defaulted.

### A. Ineffective Assistance of Counsel

Petitioner first argues his counsel was constitutionally ineffective in failing to object to the enhancements on Sixth Amendment grounds, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 220 (2004). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As Petitioner was not sentenced beyond the prescribed statutory maximum period of twenty years, Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission.

Regarding the *Blakely* allegations of ineffective assistance of counsel, *Blakely* was decided

six months after Petitioner's sentence was imposed, and its reasoning applied to the federal Sentencing Guidelines following the January 2005 Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has previously rejected a claim for ineffective assistance of counsel where counsel failed to anticipate and raise an objection based on the subsequent change in law in *Blakely* and *Booker*:

> Burgess's trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant. See *Blakely*, 124 S.Ct. at 2537-38 (applying *Apprendi*). The Supreme Court had not even agreed to hear the appeal in *Blakely* until over a month after Burgess's sentencing. See *Blakely v. Washington*, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (Oct. 20, 2003). Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the application of the federal Sentencing Guidelines by declaring the Guidelines advisory only, *Booker*, 125 S.Ct. at 764-67, particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *Blakely*, 124 S.Ct. at 2538 n. 9.

*United States v. Burgess*, 2005 WL 1515327, *7 (6th Cir. June 22, 2005) (internal citations omitted). Since the Court chose a reasonable sentence within the Guideline range and rejected the lowest sentence possible within the range, Petitioner fails to meet his burden to show prejudice resulting from this failure. Therefore, Petitioner's claim fails both prongs of the *Strickland* test. Counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### B. Voluntariness of Guilty Plea

Defendant next contends he entered his guilty plea unknowingly and involuntarily because his "conviction [was] obtained by plea of guilty unlawfully induced with understanding of the nature of the charge and consequences of the plea"(Court File No. 2, p. 5). Defendant claims "the trial

8

court improperly based [his] sentence on alegations [sic] that were not proven beyond a reasonable doubt, accused through indictment, or admitted by him as required" by *Blakely* and *Booker.* (*Id.*).

As the government's response correctly points out, the plea agreement in this case states Petitioner understood at the time of his plea his sentence would be determined in accordance with the applicable United States Sentencing Guidelines as applied by the Court, and "this determination will be based upon the entire scope of his criminal conduct, his criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines" (Crim. Court File No. 46, Plea Agreement at ¶ 5). At sentencing, Petitioner did not raise any objection to the PSR as to the application of the Guidelines other than to contest the drug quantity and the factual basis for the substantial risk of harm enhancement, (*see* PSR Addendum), and did not assert at any time his plea was not knowing or involuntary. Nor has Petitioner now alleged any facts supporting such a claim. Petitioner has not alleged any error in the Court's application of the Guidelines at the time of his plea and sentence. In general, a subsequent change in the law cannot undo an otherwise knowing and voluntary plea. In *United States v. Bradley*, 400 F.3d 459, 464 (6th Cir. 2005), the court relied upon well-established Supreme Court authority and rejected the defendant's argument his sentence should be vacated simply because "he did not know when he pleaded guilty that the Supreme Court would later declare the Sentencing Guidelines to be advisory in Booker." As the Court stated, "the change in the law cannot undo his plea." *Id.* This claim thus provides no basis for setting aside Petitioner's plea as involuntary or unknowing and setting Petitioner's case for trial. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

C.     **Other Claims Involving Lack of Notice and Lack of Information**

In his third ground, Petitioner contends he "was sentenced by arbitrary claims made by the

9

gov[ernment]" (Court File No. 1, p. 5). Petitioner's only statement in support of this claim is he "was never informed of aledged [sic] crimes sentenced for until time of sentencing" (*Id.*). Petitioner's in his fourth ground states he "was not informed what the U.S. Code meant in the alegation [sic] made by the government." (*Id.* at 6) There is no further information provided by Petitioner explaining these claims.

As noted above, the plea agreement advised Petitioner as to the applicability of the Guidelines, which would include relevant conduct. After receipt of the PSR, Petitioner did not object or allege he had received inadequate notice as to the charges or as to his relevant conduct. Petitioner never moved to withdraw his plea or question the statutory basis for the charges, and no such allegations were raised either during the Rule 11 rearraignment or sentencing proceedings.

Without more, Petitioner's allegations are insufficient to state claims upon which relief may be granted. As noted above, Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers,* 568 F.2d 5; *Mayes v. United States,* 93 F. Supp. 2d 886. Further, it is well established when a defendant files a § 2255 motion, he must set forth facts that entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id.* at 53. A motion that merely states general conclusions of law without substantiating allegations of facts is without legal merit. *Id.*; *see also* Rule 2(b)(2) of the Rules Governing Section 2255 Cases (petitioner must state the facts supporting each ground). Therefore, the Court concludes Petitioner's third and fourth claims are facially insufficient to state a claim of relief. Accordingly, the Court will **DENY** Petitioner's claim for relief on these grounds.

### D. Ineffective Assistance of Counsel in Failure of Counsel to Bring These Issues to Court's Attention

10

Case 1:04-cv-00393   Document 4   Filed 03/16/06   Page 10 of 13   PageID #: 10

Finally, Petitioner contends he "was not informed or advised by counsel to bring these issues to the Court's attention." (Court File No.1, p. 6). Failure to file an appeal in derogation of a defendant's express request is a *per se* violation of the Sixth Amendment. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000). Here, however, Petitioner has not alleged he requested an appeal; he has only alleged his counsel was ineffective because counsel failed to advise Petitioner to bring these issues to the Court's attention. Petitioner does not allege he instructed counsel to file an appeal. Failure to file an appeal in such circumstances does not constitute ineffective assistance of counsel. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request"). For the reasons stated above, these claims are completely without merit. Therefore, Petitioner's counsel was not deficient in failing to raise these issues, nor was Petitioner prejudiced by their omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. CONCLUSION

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a §

2255 motion.[2] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

---

[2]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**